SOMERS v. LEHIGH VALLEY TRACTION CO. (Circuit Court, E. D. Pennsylvania. May 26, 1903.) No. 26. A. T. Ashton, for plaintiff. P. K. Erdman, for defendant.

DALLAS, Circuit Judge. I thought, at the trial of this case, that the defendant's request for binding instructions in its favor was well founded; but, as the evidence could not then be carefully examined, it was deemed advisable to postpone decision of the point, and accordingly the issue was submitted to the jury, but with a reservation of the question whether there was any evidence in support of the plaintiff's claim. I have since thoroughly reviewed the testimony, and my first impression has been confirmed. The only conclusion which can reasonably be deduced from it is that the personal injuries which the plaintiff suffered were caused by his own negligence, and that the defendant's motorman, when he perceived the situation of danger which the plaintiff's lack of due care had created, for which neither he nor his employer was responsible, did all that, under the circumstances, could have been done to avert the catastrophe which occurred. The defendant's motion for judgment in its favor non obstante veredicto is granted.

---

In re MORRIS ARC LAMP CO. (District Court, E. D. Pennsylvania. May 29, 1903.) No. 380. In Bankruptcy. A. B. Geary, for creditors and trustee.

J. B. McPHERSON, District Judge. The matters in controversy here are questions of fact, and a careful consideration of the testimony has satisfied me that the conclusions of the learned referee are correct, except in one particular. I can see no ground upon which Clarence F. Wilby should be relieved from assessment. He was an original subscriber for 5 shares of stock, and has never paid any part of his subscription. His stock, also, should therefore be assessed, and the referee is instructed to correct his report in that respect. With regard to Thomas Wilby, I am entirely satisfied that the 600 shares issued in payment for his patent were settled for in the manner shown by the books of the corporation, and that the only other stock for which he subscribed was 100 shares upon the so-called subscription list of May 1, 1899. The signing of his name elsewhere upon that list was not his own act, neither was it authorized or ratified by him; and a similar remark is true concerning the subscription of Hugh McCaffrey. His name, also, was placed upon the list without his knowledge or authority. Both names were probably written by Coward, the general manager of the company, and, with the others that he wrote, were merely intended to be exhibited to other persons who might be solicited to subscribe, in order to show who the existing stockholders of the company were. Except so far as pertains to the subscription of Clarence Wilby, the exceptions are dismissed, and the report of the referee is confirmed.